IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

RAYMOND O. LEECH            *

Plaintiff,                  *

v.                          *        Civil Action No. WDQ-12-1369
                                     Related Crim. Case WDQ-06-427
UNITED STATES OF AMERICA    *

Defendant.                  *
                          ***

## MEMORANDUM

Plaintiff Raymond Leech seeks the return of seized property in the above-entitled action. ECF No. 1. Defendant has responded to the complaint with a Motion for Forfeiture of Property. ECF No. 3. For the reasons stated below, Defendant's motion will be granted and the Complaint will be dismissed. No hearing is necessary. *See* Local Rule 105.6 (D. Md. 2011).

I. Background

Leech entered a guilty plea to charges of conspiracy to distribute marijuana in violation of 21 U.S.C. § 846, pursuant to a plea agreement entered on June 8, 2007. *See United States v. Leech*, Criminal No. WDQ-06-427 (D. Md.). He seeks the return of the following property seized at the time of his arrest: Silver Toyota Celica GT (model year 2000 valued at $8575); Panasonic 700x Palmcorder and cassette; Sony Cybershot 5.0 digital camera with carrying case; monocular with carrying case; cellular telephone vehicle charger; John Bean Co. tire balancer (valued at $3000); vehicle diagnostic equipment (valued at $16,000); Honda Civic Del Sol (model year 1995 valued at $7000); Audi A8 (model year 1997 valued at $16,000), Magnavox 32–inch HD flat panel television (valued at $1399.95); Corghi tire changer auto equipment (valued at $3000); welding machine (valued at $600); Compaq Presario computer hard drive

(valued at $1200); and "[c]orporation documents" including client files, auto parts orders, invoices, and tax returns. ECF No. 1-2 at 2.

Defendant states that, pursuant to Leech's plea agreement, Leech agreed to forfeit to the United States the following funds and assets as property derived from the commission of the offense: the sum of $500,000 as "substitute assets" as defined in 21 U.S.C. § 853(p); 2000 Toyota Celica passenger car (VIN JTDDR32T7Y00486071995); Honda Del Sol passenger car (VIN JHMEH6168SS004744); Magnavox 32 inch high definition flat panel television (model number 32MF605W/17, serial number BZ000539170334); 1997 Audi A8 Quattro passenger car (VIN WAUBG84D1VN010222); Corghi Tire Changer (model # A2010T1, serial #030611707); and John Bean Co. tire balancer (model #EEWB503A, serial #G92MV060). ECF No. 5-1 at 7 (sealed).

Leech pled guilty, pursuant to the plea agreement in June 2007. ECF No. 5-1 at 1 (sealed). On March 31, 2008, Leech was sentenced to 151 months imprisonment. He appealed his conviction and sentence, claiming that the guilty plea was not knowing and voluntary and that the sentence was unreasonable. The government originally moved for the entry of an order of forfeiture on January 21, 2009. ECF No. 5-2 (sealed). This Court deferred action on the forfeiture motion until Leech's appeal, which was then pending in the United States Court of Appeals for the Fourth Circuit, was resolved.

On February 2, 2011, the Fourth Circuit affirmed Leech's conviction, rejected his voluntariness arguments, vacated his sentence, and remanded for resentencing. *See United States v. Leech*, 409 F. App'x 633 (4th Cir. 2011). Upon remand, Leech was resentenced to 151 months imprisonment. He appealed again, claiming, *inter alia*, that the sentence was

unreasonable.[1] The sentence was affirmed on May 23, 2012. *See United States v. Leech*, No. 11–5065, 2012 WL 1862016 (4th Cir. May 23, 2012).

II. Analysis

   A. Standard of Review

Under Fed. R. Crim. P. 41(g), a person aggrieved by the deprivation of property may move for its return. The motion may be denied, however, if the property at issue is subject to forfeiture or is contraband. Property constituting or derived from proceeds that a person has obtained, directly or indirectly, as a result of violations of Title 21 of the United States Code is subject to criminal forfeiture. *See* 21 U.S.C. § 853(a)(1). Leech was convicted of violating 21 U.S.C. § 846 and is therefore subject to the forfeiture provisions. Additionally, a plea agreement that includes a provision agreeing to the forfeiture of property to the government is enforceable. *See, e.g., United States v. Alamoudi*, 452 F.3d 310, 313 (4th Cir. 2006); *see also United States v. La Mata*, 535 F.3d 1267, 1278 (11th Cir. 2008) (holding that government was permitted to seek forfeiture of assets that the defendant had agreed to forfeit, and finding no procedural defect when government sought forfeiture via a separate motion to forfeit rather than in the original criminal case).

   B. Leech's Complaint

Leech's sentence and conviction have been upheld on appeal. *See United States v. Leech*, No. 11–5065, 2012 WL 1862016 (4th Cir. May 23, 2012). The validity of the plea agreement is not in question. Therefore, the property listed in the agreement will be forfeited to the United States and Leech's motion with respect to that property will be denied.

---

[1] The Fourth Circuit held that Leech was "foreclosed from challenging his conviction in [the second] appeal, because we affirmed his conviction in a prior proceeding and no exceptions exist permitting Leech to now raise these foreclosed claims." *United States v. Leech*, No. 11–5065, 2012 WL 1862016, at *1 (4th Cir. May 23, 2012).

Leech's Complaint also seeks the return of property not specifically covered by the provisions of the plea agreement. For instance, the vehicle diagnostic equipment--which Leech values at $16,000, ECF No. 1-2--is not specifically listed in the plea agreement. However, Leech agreed to the entry of a substitute assets judgment against him in the amount of $500,000. ECF No. 5-1 at 7 (sealed). That provision permits Defendant to retain assets belonging to Leech in satisfaction of the $500,000 judgment. See 21 U.S.C. §853(p)(2). Application of the stated value of the property to the judgment leaves an assets balance of $484,000. Therefore, Leech's motion for return of the diagnostic equipment will be denied and the order for forfeiture shall reflect partial satisfaction of the substitute assets judgment.

Leech also seeks the return of a welding machine, a computer hard drive, and various documents. ECF No. 1 at p. 2. Defendant concedes that these items should be returned to Leech upon its receipt of an address where the items may be sent. ECF No. 3 at 5.

III. Conclusion

For the reasons stated above, the property listed in the plea agreement will be forfeited to the United States and Leech's motion with respect to that property will be denied. A separate Order follows.

_9/20/12_
Date

_____
William D. Quarles, Jr.
United States District Judge